```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                        AT BLUEFIELD
```

MARGERIE KRAMER, Executrix of
the Estate of Beatrice Clark
Taylor,

    Plaintiff,

v.                              CIVIL ACTION NO. 1:08-1430

FEDERAL DEPOSIT INSURANCE
CORPORATION, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the court is the motion of the Federal Deposit Insurance Corporation ("FDIC"), as Receiver for Ameribank, Inc., to stay this case pending the exhaustion of administrative remedies.  (Doc. # 15).  Plaintiff has filed a response in opposition to the FDIC's motion.  For reasons expressed more fully below, the motion is GRANTED.

## Background

On October 29, 2007, plaintiff filed this civil action in the Circuit Court of McDowell County against various defendants, including Ameribank, Inc., pursuing claims for negligence, breach of contract, and civil conspiracy.  On September 19, 2008, the Office of Thrift Supervision closed Ameribank and appointed the FDIC as Receiver.  Subsequent to its appointment as Receiver, on December 17, 2008, the FDIC removed the case to this court.  The court granted the FDIC's motion to stay, pursuant to 12 U.S.C. § 1821(d)(12)(B), and this action was stayed until June 3, 2009.

The instant motion to stay followed.

## Analysis

In the Financial Institutions Reform, Recovery and Enforcement Act of 1989 ("FIRREA"), Congress enacted a comprehensive statutory scheme granting the FDIC authority to act as Receiver for a failed financial institution and special powers to carry out that function.  FIRREA also "sets forth a detailed series of rules under which all claims involving an insolvent institution are received and handled."  Brady Development Co., Inc. v. Resolution Trust Corp., 14 F.3d 998, 1002 (4th Cir. 1994) (citing 12 U.S.C. § 1821(d)).

> Congress required persons making claims against a failed financial institution or seeking to adjudicate rights against them to present their claims first to the receiver for resolution.  More specifically, under 12 U.S.C. § 1821(d), a claimant must present his claim to the receiver for an initial determination of whether the claim should be allowed within 90 days of the publication of notice by the receiver.

Tillman v. Resolution Trust Corp., 37 F.3d 1032, 1035 (4th Cir. 1994).  The Fourth Circuit has "held that a plaintiff's failure to exhaust the administrative process deprives the courts of subject matter jurisdiction."  Id.

The FDIC has moved for a stay in order to allow plaintiff an opportunity to exhaust her administrative remedies.  Plaintiff opposes the stay contending that she "has no intention or desire to pursue an unliquidated claim against the assets in liquidation of Ameribank, Inc., as a general creditor.  Instead, plaintiff

2

intends to pursue a claim for liability insurance proceeds available to cover the claims of negligence against Ameribank as set forth in plaintiff's Complaint, if such liability insurance coverage exists." Plaintiff's Response at 1. According to plaintiff, "[a]ny liability insurance company providing liability insurance coverage to Ameribank for the acts of negligence in plaintiff's Complaint would have an independent obligation to pay any judgment obtained by the plaintiff against Ameribank and that liability exists independent of any administrative remedies available to the plaintiff if the plaintiff intended to proceed against the assets in liquidation of Ameribank as a general creditor with an unliquidated claim." Id. at 2.

Plaintiff is mistaken. In National Union Fire Ins. Co. v. City Savings, F.S.B., 28 F.3d 376, 384 (3d Cir. 1994), the Third Circuit Court of Appeals considered this issue and held that, under FIRREA, insurance policies are assets of the institution.

> FIRREA does not provide a definition of "assets" as that term is used specifically in § 1821(d)(13)(D)(i). In the absence of a specific definition, we refer to the definition of the term "assets" in common legal usage: "Property of all kinds, real and personal, tangible and intangible. . . . The entire property of a person, association, corporation, or estate that is applicable or subject to the payment of his or her or its debts." Black's Law Dictionary 117 (6th ed. 1990). Insurance policies which a bank has purchased and under which it is an insured fall neatly within this definition of assets. Insurance policies obviously are important property interests of individuals and economic entities. Furthermore, we believe that business people consider an insurance policy to be an asset of the named insured, as the term "asset" is

3

>commonly used in the business world.  Finally, reported court decisions have assumed that insurance policies are assets of institutions which are holders of the policies.  See, e.g., FDIC v. Aetna Casualty & Surety Co., 947 F.2d 196, 199 (6th Cir. 1991); A.H. Robins Co. v. Piccinin, 788 F.2d 994, 1001-02 & n. 10 (4th Cir.), cert. denied, 479 U.S. 876, 107 S.Ct. 251, 93 L.Ed.2d 177 (1986); FDIC v. Gulf Life Ins. Co., 737 F.2d 1513, 1514-20 (11th Cir. 1984); Samuels v. Acme Market, 845 F. Supp. 292, 294 (E.D. Pa. 1994); Holloway v. New Jersey, 237 N.J. Super. 71, 566 A.2d 1177, 1180 (Law Div. 1989).

National Union Fire Ins. Co. v. City Savings, F.S.B., 28 F.3d 376, 384 (3d Cir. 1994); see also Colson v. FDIC, 1995 WL 394168, *2 (E.D. Pa. 1995) ("Plaintiffs' contentions that they are not trying to reach the assets of FDIC-Receiver, and that liability insurance is not an asset within the meaning of the statute, are incorrect.").  The foregoing authorities make clear that plaintiff cannot circumvent the administrative claims process under FIRREA by pursuing a claim against Ameribank's liability insurance carrier.

## Conclusion

For the reasons discussed above, the motion to stay is GRANTED and this proceeding is stayed until further Order of the court.  Counsel for the FDIC is to inform the court when the time for the administrative claims process applicable to this case has expired.  Given the court's ruling, plaintiff's motion to compel (doc. # 12), is DENIED without prejudice.  Plaintiff may refile the motion once the stay is lifted.

The Clerk is requested to send a copy of this Memorandum Opinion and Order to counsel of record.

**IT IS SO ORDERED** this 9th day of December, 2009.

ENTER:

David A. Faber
Senior United States District Judge