```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                          AT BLUEFIELD
```

MARGERIE KRAMER, Executrix of
the Estate of Beatrice Clark
Taylor,

    Plaintiff,

v.     CIVIL ACTION NO. 1:08-1430

FEDERAL DEPOSIT INSURANCE
CORPORATION, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the court is the plaintiff's motion to remand. (Doc. # 28).  Defendants have not filed a response to that motion.  For the reasons expressed below, that motion is **GRANTED**.

On October 29, 2007, plaintiff filed this civil action, in the Circuit Court of McDowell County, against various defendants, including Ameribank, alleging that defendants committed various acts of negligence, breach of contract, and civil conspiracy. See Complaint generally.  Specifically, plaintiff contends that Ameribank was negligent in allowing defendant Sandra Faye Parker to withdraw the contents from decedent Taylor's safety deposit and in allowing Sandra Parker to withdraw all Taylor's money. See Complaint ¶¶ 9, 10.  On September 19, 2008, the Office of Thrift Supervision closed Ameribank and appointed the FDIC as Receiver.

On December 17, 2008, the FDIC filed a Motion to Substitute, in the McDowell County Circuit Court, seeking to substitute the FDIC as Receiver for Ameribank. On that same day, the FDIC removed the case to federal court. On January 20, 2009, the FDIC moved to stay this action for a period of 90 days, pursuant to the statutory stay provisions of 12 U.S.C. § 1821(d)(12)(A)(ii). That motion was granted on March 4, 2009, and the case was stayed to allow plaintiff to exhaust her administrative remedies.

Thereafter, by Memorandum Opinion and Order entered on December 5, 2013, the court granted the motion to dismiss filed by defendant Federal Deposit Insurance Corporation ("FDIC"), as Receiver for Ameribank, Inc. and the FDIC was dismissed as a party in this case. Inadvertently, the court neglected to lift the stay. Furthermore, plaintiff's claims against the remaining defendants have not been resolved and the instant motion to remand followed.

Where a case has been removed to federal court, the district court must remand it to state court if it lacks subject matter jurisdiction. 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). Once the FDIC was dismissed as a party herein, the court's basis for federal question subject matter jurisdiction under 12 U.S.C. § 1819(b)(2)

no longer existed.  See Rogers Mantese & Assoc. v. Corp. One, Inc., 929 F. Supp.2d 731 (E.D. Mich. 2013).[*]

Furthermore, as to the court's supplemental jurisdiction under 28 U.S.C. § 1367(c), it declines to exercise it herein. According to that statute:

> The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if—
>
> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

For all the reasons discussed in the Rogers Mantese case as well as the reasons cited in plaintiff's memorandum of law, the court declines to exercise its supplemental jurisdiction.

Accordingly, the court hereby **ORDERS** the stay herein **LIFTED** and plaintiff's motion to remand is **GRANTED** and this case is **REMANDED** to the Circuit Court of McDowell County, West Virginia.

The Clerk is requested to send a copy of this Memorandum Opinion and Order to counsel of record and to forward a certified

---

[*] The court recognizes the split of authority on this issue discussed in the Rogers Mantese opinion.  However, for all the reasons discussed in that decision, the court finds the Rogers Mantese reasoning to be persuasive.

copy of the same to the Clerk of the Circuit Court of McDowell County, West Virginia.

**IT IS SO ORDERED** this 12th day of January, 2016.

ENTER:

David A. Faber
Senior United States District Judge